UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DAVID WYNTER, ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 25-1084 |
| ) | |
| LATOYA HUGHES *et al.*, ) | |
| Defendants. ) | |

### ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court for screening is a Complaint (Doc. 1) filed under 42 U.S.C. § 1983 by Plaintiff David Wynter, an inmate at Menard Correctional Center. Plaintiff has also filed Motions for Status (Docs. 5, 7, 9, 11, 13, 15, 17, 19).

**I. Screening Standard**

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

## II. Alleged Facts

Plaintiff's pleading asserts constitutional violations at Pontiac Correctional Center ("Pontiac") against the following Defendants: Illinois Department of Corrections Director Latoya Hughes, Pontiac Warden Mindi Nurse, Administrative Review Board ("ARB") Chairperson Ryan Kilduff, Corrections Lieutenant Adalberto Torrez, Jr., and Corrections Officers Kaylee Brannan and Mary Cerda.

On November 9, 2022, Plaintiff asked Defendant Brannan not to listen while mental health professional Benner was conducting Plaintiff's evaluation because Plaintiff was on suicide watch. Plaintiff asserts that Brannan walked to the back of the gallery. The next day, Plaintiff received "two fabricated" disciplinary reports authored by Brannan, who accused Plaintiff of violating the rule against sexual misconduct. (Pl. Compl., Doc. 1 at 6.) Specifically, both of Brannan's reports stated that, as mental health professional Benner conducted Plaintiff's evaluation on November 9, 2022, Plaintiff stood at the entrance to his cell engaged in self-gratification. Plaintiff notes that one of the disciplinary reports indicated the time as 10:43 a.m., and the second stated the time as 1:17 p.m. on November 9, 2022. (*Id.* at 11, 14.)

Plaintiff asserts that he requested mental health professional Benner to appear as a witness at his subsequent disciplinary hearing. Defendants Cerda and Torrez, Jr., in their capacities as Adjustment Committee members, considered Benner's written statement, in which Benner stated that he "was standing there filling out paperwork and [Defendant] Brannan said we are done here because [Plaintiff] is just standing there

masturbating." (*Id*. at 12.) Plaintiff claims he also sought to review video footage during that period, but it was not provided.

The Adjustment Committee determined that, based on the evidence provided at the hearing, "the violation occurred as reported." (*Id*.) The Committee recommended the following restrictions: C Grade status for three months, transfer to segregation for three months, and the denial of audio/visual access for three months. (*Id*.) Defendant Nurse later concurred with the Committee's recommendations. (*Id*. at 13.)

Plaintiff subsequently filed a grievance that Defendant Kilduff denied in his capacity as ARB Chairperson, finding no due process violation. (*Id*. at 15.) Defendant Hughes subsequently concurred with the ARB's determination. (*Id*.)

**C. Analysis**

"*Wolff v. McDonnell*[, 418 U.S. 539, 558 (1974),] sets forth the minimum due process requirements for prison disciplinary proceedings when the prisoner has been charged with serious misconduct which could result in loss of good time credits, punitive segregation, or which might also be punishable in state criminal proceedings." *Chavis v. Rowe*, 643 F.2d 1281, 1285 n.3 (7th Cir. 1981).

However, when an inmate's "sanction is less onerous" than revocation of good time credits, prison officials "need not use all of the procedures required by *Wolff* when reaching decisions." *Sylvester v. Hanks*, 140 F.3d 713, 715 (7th Cir. 1998). An inmate is entitled to only informal, nonadversary procedures when "the State's interest implicates the safety of other inmates and prison personnel." *Wilkinson v. Austin*, 545 U.S. 209, 228–29 (2005) (holding that inmates transferred to supermax prison where incarceration "is

synonymous with extreme isolation" are entitled only to informal, nonadversarial due process); *see also Westefer v. Neal*, 682 F.3d 679, 684-86 (7th Cir. 2012) (concluding that informal, nonadversary procedures do not involve the right to call or cross-examine witnesses, record evidence, receive a written decision, or administrative appeal).

"[I]nformal due process requires only that an inmate is provided (1) 'notice of the reasons for the inmate's placement' in segregation and (2) 'an opportunity to present his views,' for instance, in a written statement or at a hearing." *Ealy v. Watson*, 109 F.4th 958, 966 (7th Cir. 2024) (quoting *Adams v. Reagle*, 91 F.4th 880, 895 (7th Cir. 2024). "[T]he Supreme Court has made clear that '[o]rdinarily a written statement by the inmate will accomplish this purpose .... So long as this occurs, and the decisionmaker reviews the charges and then-available evidence against the prisoner, the Due Process Clause is satisfied.'" *Adams*, 91 F.4th at 895 (quoting *Hewitt v. Helms*, 459 U.S. 460, 476, 103 S.Ct. 864, 74 L.Ed.2d 675 (1983)). Due process is also satisfied if a plaintiff presents his arguments orally during the Committee hearing. *Adams*, 91 F.4th at 896.

The punishment imposed for Plaintiff's rule infraction did not result in the loss of good-time credits. Thus, Plaintiff would, at most, be entitled to the informal due process procedure outlined *supra*, which does not mandate that the Adjustment Committee review video recordings or call or consider Plaintiff's witnesses. *See Westefer*, 682 F.3d at 685 ("If the prison chooses to hold hearings, inmates do not have a constitutional right to call witnesses or to require prison officials to interview witnesses."); *see also Gibson v. McEvers*, 631 F.2d 95, 98 (7th Cir. 1980) ("The Constitution . . . do[es] not confer upon prisoners the right to call witnesses to present evidence when . . . only lesser penalties

were imposed, namely a fortnight's deprivation of movie and commissary privileges."). Plaintiff also does not contend that he was not allowed to present his views on the alleged rule infraction at the adjustment committee hearing.

Furthermore, Plaintiff has no liberty interest in his (1) demotion to B grade status or a three-month segregation stay absent an allegation of atypical conditions. *See Hoskins v. Lenear*, 395 F.3d 372, 374–75 (7th Cir. 2005) (noting that punishments such as "a demotion to C-grade (a loss in privileges), two months in segregation, and . . . transfer [to another correctional facility] . . . raise no due process concerns."); *Lekas v. Briley*, 405 F.3d 602, 605, 613 (7th Cir. 2005) (concluding that a prisoner does not suffer a deprivation of liberty where, for ninety days, "he was unable to participate in prison programs, educational programs, and work programs; he lost prison employment, wages, contact visits, telephone privileges, visits from clergy, and access to church; and he was allowed fewer visits from family, exercise privileges, commissary privileges, personal possessions, and audio/visual items"). Thus, Plaintiff fails to state a claim against Defendants Cerda, Nurse, or Torrez, Jr.

Similarly, Plaintiff's assertion that Defendant Brannan wrote false disciplinary reports does not, under the circumstances presented, violate due process. The Seventh Circuit has "long held that as long as procedural protections are constitutionally adequate, [courts] will not overturn a disciplinary decision solely because evidence indicates the claim was fraudulent." *McPherson v. McBride*, 188 F.3d 784, 787 (7th Cir. 1999) ("[E]ven assuming fraudulent conduct on the part of prison officials, the protection from such arbitrary action is found in the procedures mandated by due process.").

"Prison officials who simply processed or reviewed inmate grievances lack personal involvement in the conduct forming the basis of the grievance." *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017). "And the failure to follow a state's inmate grievance procedures is not a federal due-process violation." *Owens v. Evans*, 878 F.3d 559, 563 (7th Cir. 2017); *see also Owens v. Hinsley*, 635 F.3d 950, 953 (7th Cir. 2011) ("Prison grievance procedures are not mandated by the First Amendment and do not by their very existence create interests protected by the Due Process Clause, and so the alleged mishandling of [the plaintiff's] grievances by persons who otherwise did not cause or participate in the underlying conduct states no claim."). Thus, Plaintiff does not state a plausible claim against Defendants Hughes or Kilduff.

To the extent Plaintiff attempts to allege a violation of the Health Insurance Portability and Accountability Act ("HIPAA") of 1996, he states no claim. *See Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011) ("To the extent that [the plaintiff] reasserts a claim under HIPAA, the district court correctly concluded that such a claim was not cognizable because HIPAA does not furnish a private right of action.").

Consequently, Plaintiff's Complaint is dismissed. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may file a Motion for Leave to File an Amended Complaint. If Plaintiff elects to file an amended pleading, it must be attached as an exhibit to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's claims must stand independently without reference to his initial filing and contain all claims against all defendants. Plaintiff must specify the constitutional violation, when it occurred, and the

Defendant or Defendants personally involved. See Gentry v. Duckworth, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

The Court informs Plaintiff that any attempt to join unrelated claims and defendants is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007).

Plaintiff's Motions for Status (Docs. 5, 7, 9, 11, 13, 15, 17, 19) are moot with the entry of the Court's Merit Review Order.

**IT IS THEREFORE ORDERED:**

1)   **Plaintiff's Motions for Status (Docs. 5, 7, 9, 11, 13, 15, 17, 19) are MOOT.**

2)   **Plaintiff's Complaint (Doc. 1) is DISMISSED for failure to state a federal claim on which relief may be granted as required by 28 U.S.C. § 1915A(b)(1).**

3)   **The Court GRANTS Plaintiff leave to file an Amended Complaint within thirty days of the entry of this order and in compliance with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED October 28, 2025.

s/ *Colleen R. Lawless*
_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE