UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| DAVID WYNTER, ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 25-1084 |
| ) | |
| LATOYA HUGHES *et al.*, ) | |
|     Defendants. ) | |

ORDER

**COLLEEN R. LAWLESS, United States District Judge:**

Before the Court is a Motion for Leave to File an Amended Complaint (Doc. 21) filed under 42 U.S.C. § 1983 by Plaintiff David Wynter, an inmate at Menard Correctional Center.

**I.    Screening Standard**

The Court must "screen" Plaintiff's Complaint and dismiss any legally insufficient claim or the entire action if warranted. 28 U.S.C. § 1915A. A claim is legally insufficient if it "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. In reviewing the Complaint, the Court accepts the factual allegations as accurate, liberally construing them in the plaintiff's favor. *Turley v. Rednour*, 729 F.3d 645, 649 (7th Cir. 2013). However, conclusory statements and labels are insufficient. Enough facts must be provided to "state a claim for relief that is plausible on its face." *Alexander v. United States*, 721 F.3d 418, 422 (7th Cir. 2013) (citation omitted).

II.   **Alleged Facts**

Plaintiff's pleading asserts constitutional violations at Pontiac Correctional Center ("Pontiac") against Corrections Officer Kaylee M. Brannan.

Plaintiff asserts that Defendant Brannan retaliated against him by writing a false disciplinary report after Plaintiff requested that Brannan leave when Plaintiff was discussing his mental health issue with Pontiac's medical staff. In this regard, Plaintiff claims a right to "confidentiality in mental health treatment" under the Health Insurance Portability and Accountability Act of 1996 ("HIPAA").

**C. Analysis**

To make out a prima facie case of First Amendment retaliation, a plaintiff must establish that (1) he engaged in activity protected by the First Amendment, (2) he suffered a deprivation that would likely deter First Amendment activity in the future, and (3) the First Amendment activity was "at least a motivating factor" in the defendants' decision to take the retaliatory action. *Bridges v. Gilbert*, 557 F.3d 541, 546 (7th Cir. 2009).

Initially, the Court notes that HIPAA does not provide a basis for a private cause of action. *See Carpenter v. Phillips*, 419 F. App'x 658, 659 (7th Cir. 2011) ("To the extent that [the plaintiff] reasserts a claim under HIPAA, the district court correctly concluded that such a claim was not cognizable because HIPAA does not furnish a private right of action.").

Additionally, incarcerated individuals "have very limited privacy rights, . . . and we have not previously held in a published opinion that they enjoy a constitutional right to privacy in their medical information." *Franklin v. McCaughtry*, 110 Fed. App'x. 715, 719

(7th Cir. 2004). In this regard, "[p]risoners cannot enjoy greater privacy protection than individuals in free society, and some amount of sharing of medical information in areas where it might be overheard by other patients—e.g., in hospital emergency rooms, school infirmaries, and the waiting room of a doctor's office—is commonplace." *Id*.

In other words, Plaintiff's account does not establish that he was engaged in First Amendment activity. Thus, Plaintiff does not state a First Amendment retaliation claim against Defendant Brannon. Consequently, the Court denies Plaintiff's Motion for Leave to File an Amended Complaint. However, if Plaintiff believes he can revise his pleading to state a cause of action, he may file a Motion for Leave to File a Second Amended Complaint. If Plaintiff elects to file a second amended pleading, it must be attached as an exhibit to his motion for leave.

The Court does not accept piecemeal amendments. Plaintiff's claims must stand independently without reference to his initial filing and contain all claims against all defendants. Plaintiff must specify the constitutional violation, when it occurred, and the Defendant or Defendants personally involved. *See Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.").

The Court informs Plaintiff that any attempt to join unrelated claims and defendants is not permitted. *See* Fed. R. Civ. P. 20(a)(2). In other words, multiple claims against a single defendant are allowed, but "Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

**IT IS THEREFORE ORDERED:**

1) **Plaintiff's Motion for Leave to File an Amended Complaint (Doc. 21) is DENIED for failure to state a federal claim on which relief may be granted as required by 28 U.S.C. § 1915A(b)(1).**

2) **The Court GRANTS Plaintiff leave to file an Amended Complaint within thirty-days of the entry of this order and in compliance with the Court's guidance. If Plaintiff does not submit an amendment on or before the thirty-day deadline, the Court will dismiss Plaintiff's case without prejudice.**

ENTERED December 19, 2025.

s/ *Colleen R. Lawless*

_____
COLLEEN R. LAWLESS
UNITED STATES DISTRICT JUDGE